Earl E. WALKER, Appellant,

v.

UNITED STATES, Appellee.

No. 13841.

District of Columbia Court of Appeals.

Submitted June 5, 1979.

Decided July 10, 1979.

David M. Bullock, Washington, D. C., for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George, Richard C. Otto and Michele A. Goldfarb, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before KELLY, KERN and MACK, Associate Judges.

PER CURIAM:

Appellant was convicted of carrying a pistol without a license and of involuntary manslaughter,[1] in violation of D.C.Code 1973, §§ 22–3204 and –2405, respectively. On appeal, he argues that the trial court committed reversible error in failing to adequately instruct the jury on the element of causation in misdemeanor-manslaughter. Finding no error, we affirm.

In the early morning of May 23, 1976, appellant shot and fatally wounded Ms. Ernestine Curry, a friend and neighbor in his apartment building. The shooting occurred when appellant returned to his apartment after having gone shopping. Appellant at the time had in his hand under a grocery bag one .22 caliber semi-automatic unlicensed pistol which he carried for protection. The gun was loaded, with its hammer down and safety "on". While attempting to open the door to his apartment, appellant dropped the pistol and it discharged. The resulting shot struck Ms. Curry, who was on the staircase outside of appellant's apartment. Appellant and his wife took the victim to D.C. General Hospital, where she soon died.

Appellant's defense at trial was that designer defects in his gun were the proximate cause of Ms. Curry's death which broke the chain of causality running from the misdemeanor (carrying a pistol without license) to the subsequent manslaughter. He therefore requested the trial court to include in its jury instructions the statement that

> To prove that the decedent's death was the result of the unlicensed carrying of a pistol, the government must prove beyond a reasonable doubt not merely that the death followed the carrying of the pistol or occurred at the same time, but that in fact the carrying of the pistol was the proximate cause of the decedent's death. The proximate cause of death is defined as that cause which, in natural, foreseeable and continual sequence, unbroken by any efficient intervening cause, produces the death and without which the result would not have occurred.

The trial court's actual instructions, in pertinent part, were as follows:

> [Involuntary manslaughter may occur] when death results from injuries received through the commission of an unlawful act which is a misdemeanor involving danger of injury.
>
> \*    \*    \*    \*    \*    \*
>
> The essential elements of the offense of involuntary manslaughter as charged in count one of the indictment are as follows and there are three elements: The first being that the defendant inflict-

---

1. Appellant was acquitted on one count charging involuntary manslaughter "with gross negligence" but convicted on a count charging "involuntary manslaughter in perpetrating and attempting to perpetrate the crime of carrying a pistol without a license."

ed an injury upon the deceased from which the deceased died. The second element, that the injury was a result of the commission of an offense involving danger of injury. In this regard, you are instructed as a matter of law that the offense of carrying a pistol without a license is dangerous in and of itself. The third element, that the killing was committed without legal justification or excuse.

We hold the trial court's instructions to be correct. Proximate cause, or foreseeability, is not an element of the offense of misdemeanor-manslaughter, anymore than it is an element of felony-murder.[2] *See Christian v. United States*, D.C. App., 394 A.2d 1, 48 (1978); *United States v. Branic*, 162 U.S.App.D.C. 10, 12–13, 495 F.2d 1066, 1068–69 (1974). Involuntary manslaughter "may occur as the result of an unlawful act which is a misdemeanor involving danger of injury . . . ." *United States v. Bradford*, D.C.App., 344 A.2d 208, 215 (1975) (footnote omitted). In holding that carrying a pistol without a

license is such an unlawful act, we noted that the crime "exposes the community to such inherent risk of harm that when death results, *even though an unintended consequence*, the defendant may be nonetheless charged with involuntary manslaughter." *United States v. Walker*, D.C.App., 380 A.2d 1388, 1390 (1977) (emphasis added). The risk of the crime does not decrease, in our view, where the resulting death is unforseeable—because of a pistol's hidden defects—as well as unintended. Following the reasoning of *United States v. Walker, supra*, the result of appellant's carrying a pistol without a license, and without a legal excuse, was the death of Ms. Curry. That reasoning disposes of appellant's contention here.

*Affirmed.*

---

2. Even were foreseeability a required element of misdemeanor-manslaughter, any error by the trial court in instructing the jury would be harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). There was uncontradicted evidence at trial that appellant had been shot in the foot by a pistol—possibly the one whose bullet hit Ms. Curry—while it was lying beside him in his car. Therefore, appellant knew of the dangers of small-sized pistols and could reasonably have foreseen the gun's going off the day of Ms. Curry's death.